**In the Matter of Mark E. KIEFER**

**No. 02S00–0212–DI–631.**

Supreme Court of Indiana.

Aug. 30, 2004.

**ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE**

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The parties agree the respondent was appointed to serve as appellate counsel for a defendant. The respondent never advised his new client that he was representing her and filed a brief before the Indiana Court of Appeals on her behalf without ever communicating with her. During this time, the client repeatedly contacted the public defender's office, trying to learn the identity of her counsel. After the trial court judge advised her of the respondent's appointment, the client wrote letters to the respondent asking for information pertaining to her appeal. He never replied, and later failed to advise her that the Court of Appeals affirmed her conviction.

In aggravation, the parties state that the respondent's client, being incarcerated, was particularly vulnerable and reliant on the respondent for information about her case.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.4(a), which provides that a lawyer shall keep a client reasonably informed about the sta-

tus of a matter and promptly comply with reasonable requests for information, and Prof.Cond.R. 1.4(b), which provides that a lawyer shall explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation

**Discipline:** Public reprimand.

This Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis.Disc.R. 23(3)(d).

/s/ *Randall T. Shepard*

Randall T. Shepard,
Chief Justice of Indiana

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., dissents, believing the agreed sanction to be inadequate.

DICKSON, J., dissents, believing the failure of a lawyer to communicate with his client requires a more robust penalty.